FELSKE *v.* FELSKE.

Divorce—Alimony—Modification of Decree.

Modification of divorce decree by reducing monthly alimony payments from $200 to $100 was justified by showing that husband's expenses exceed his income, and that wife, even with reduced allowance, has ample means of support.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 5, 1932. (Docket No. 33, Calendar No. 36,125.) Decided March 2, 1932.

Bill by Martha Felske against Albert F. Felske for divorce. Decree for plaintiff. Defendant moved for modification of decree. From decree as modified, both parties appeal. Affirmed.

*Frederick S. Baker,* for plaintiff.

*Pear & Beattie (Donald K. Tyler,* of counsel), for defendant.

On modification of alimony because of changed conditions, see annotation in 44 L. R. A. (N. S.) 1026.

SHARPE, J.  On August 27, 1928, the plaintiff was granted a decree of divorce from her husband on the ground of extreme and repeated cruelty.  A property settlement agreement had been entered into between the parties which the court found to be just and equitable, and it became a part of the decree.  Under it the plaintiff was given a number of descriptions of real estate, the household furniture and equipment.  The defendant was therein ordered to "pay to the friend of the court for and on behalf of the said plaintiff, Martha Felske, in addition to the alimony provision," the sum of $1,200, payable forthwith, and $1,500, payable on or before one year thereafter, and to pay to the plaintiff the sum of $200 per month "during the entire life of said plaintiff, or so long as she is unmarried."  He was also ordered to pay for the education of their two minor children.  On June 6, 1930, plaintiff made demand on defendant for the monthly payment of $200 due June 1st.  On September 8th she moved for an attachment against defendant for his failure to comply with the decree.  Soon thereafter defendant moved for a modification of the decree by striking out the provisions for such monthly payment.  This motion was supported by his affidavit averring that, due to the financial depression, he was unable to make such payments, and that plaintiff would have no difficulty in realizing large sums of money on the property awarded her in the decree.  Plaintiff filed an answer thereto supported by her affidavit, denying defendant's inability to pay, and alleging that his efforts to induce her to forbear from collecting such payments were not made in good faith.  The right of the defendant to submit such motion while in default in his payments was not raised.

The trial court referred both petitions to the friend of the court, who reported fully as to the

financial condition of both parties and recommended that the monthly payments be reduced to $100 per month until the betterment of defendant's financial condition. Objections to this report were filed by both parties.

The court thereafter, and on December 13, 1930, entered a decree modifying that of August 27, 1928, by reducing the monthly payments to $100, held in abeyance the amount due under such decree until the further order of the court, and dismissed the order to show cause entered on the petition for attachment. From this order both parties have taken an appeal.

No application was made by either party for the taking of testimony in support of their motions. The defendant submitted to the friend of the court a full statement of his income and expenses during the preceding year, from which it appeared that his expenses exceeded his income by a considerable amount. We are satisfied from the facts presented to the court that the plaintiff, with the allowance of $100 per month made to her, has ample means with which to support herself, and, in view of defendant's present financial condition, we are of the opinion that the modification made by the court was justified.

Defendant's counsel filed a motion to dismiss plaintiff's appeal for the reason that the record was not served upon him within the time required by Court Rule No. 71. In view of the conclusion reached, this motion will be denied.

The decree modifying that first made is affirmed, without costs to either party.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.